UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LISA McMILLION | * | CIVIL ACTION |
| versus | * | NO. 06-7210 |
| SCOTTSDALE INSURANCE COMPANY, INSURANCE UNDERWRITERS, LTD, and AAA CONTRACTORS | * | SECTION J(3) |

**ORDER AND REASONS**

Before the Court is Plaintiff's **Motion to Remand (Rec. Doc. 4)**. Insurance Underwriters, Ltd. ("Underwriters") opposed this motion, which is set for hearing on December 20, 2006 on the briefs alone. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds that Plaintiff's motion should be granted.

<u>Background</u>

Plaintiff Lisa McMillion's commercial property was damaged by Hurricane Katrina. Sometime before the storm, she secured a commercial insurance policy from Scottsdale Insurance Company ("Scottsdale") through a local agent, Underwriters. She filed a claim under her commercial insurance policy; however, Scottsdale did not pay the claim in full.

Plaintiff sued Scottsdale and Underwriters in state court on August 28, 2006, asserting claims against Scottsdale for breach of contract and bad faith claims adjusting. She accuses Defendants of negligence and breach of fiduciary duty in the procurement of

1

insurance, including failing to secure the flood insurance requested and failing to advise her regarding adequate flood insurance for her business.

Underwriters removed the case to this Court on October 3, 2006, invoking this Court's original federal question jurisdiction, arguing that Congress gave federal courts exclusive jurisdiction over lawsuits arising under the National Flood Insurance Program ("NFIP"). Plaintiff now moves to remand. In its opposition, though not in its Notice of Removal, Underwriters contends that this Court alternatively has diversity jurisdiction under 28 U.S.C. §1332 because Underwriters was improperly joined to defeat diversity jurisdiction.

## Discussion

The jurisdiction granted by Congress in the legislation establishing the NFIP and FEMA's recent interpretations of the scope of the NFIP has been resolved. Thus, for the same reasons set forth by the undersigned in <u>Sullivan v. State Farm & Casualty Co.</u>, 2006 WL 2119320 (E.D. La. July 26, 2006 in the discussion of the federal question jurisdiction under the National Flood Insurance Act ("NFIA"), this Court concludes that Plaintiff's claims do not state a federal question and they relate to asserted errors or omissions in the procurement of her insurance policy.

In its opposition to Plaintiff's motion, Underwriters asserts diversity jurisdiction as an alternative basis for the propriety of

its removal.  However, diversity of citizenship as a possible basis for jurisdiction was not asserted in its Notice of Removal.  No motion to amend the Notice of Removal has been filed.  Even if the Court considered Underwriters' arguments as a motion to amend the notice of removal after the expiration of the 30 day period under 28 U.S.C. § 1446(b), a defendant may only amend a notice to cure technical defects and not state a new and distinct jurisdictional basis.  See Energy Catering Services, Inc. v. Burrow, 911 F. Supp. 221, 223 (E.D. La. 1995) (citing Boelens v. Redman Homes, Inc., 759 F.2d 504, (5th Cir. 1985)).  Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion to Remand (Rec. Doc. 4)** should be and hereby is **GRANTED**.  This matter is hereby remanded to the state court from which it was removed.

New Orleans, Louisiana, this   8th   day of January, 2007.


_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

3